LLOYD V. SANDAGE, APPELLANT, V. ADOLF'S ROOFING, INC., APPELLEE.

254 N. W. 2d 77

Filed May 25, 1977. No. 41014.

William E. Pfeiffer of Spielhagen, Spielhagen & Pfeiffer, for appellant.

Robert D. Mullin and Robert D. Mullin, Jr., of Boland, Mullin & Walsh, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

Kuns, Retired District Judge.

This is an appeal from a judgment of the Workmen's Compensation Court dismissing a claim made by Lloyd V. Sandage, the appellant, against Adolf's Roofing, Inc., the appellee, for compensation benefits on account of injuries sustained by the appellant. We affirm the judgment.

The record shows that appellant filed a petition in the Workmen's Compensation Court alleging that he had been injured on February 11, 1975, by falling from a roof and that such injury had been sustained in the course of his employment by the appellee. Appellee's answer admitted the occurrence of the injury, denied the remaining allegations, and alleged that appellant's injury was caused by his intoxication at the time thereof. No reply was filed, although appellant sought to avoid the allegation of intoxication by claiming that his intoxication was with the knowledge, consent, and acquiescence of the appellee. After a hearing before a single judge of the court, an award to appellant was made after which a rehearing and trial was had before a three-judge court. That court found there was proof, by a preponderance of the evidence, that the appellant was injured by reason of being in a state of intoxication, without the consent, knowledge, or acquiescence of the appellee and dismissed the appellant's petition.

Appellant contends the evidence in the record is insufficient to support the order of the compensation court. He does not specify or argue that any of the evidence was incompetent and improperly received. We therefore consider the sufficiency of the evidence to support the award.

The record shows that appellant had worked for 8 years installing roofs for the appellee; and that he was paid according to the area covered. On February 11, 1975, he was applying asphalt shingles to a roof. At about 4:20 p.m., he was observed in midair, falling from the roof. No witness observed the

appellant immediately before or during the start of the fall, from which he was rendered unconscious and received severe injuries to his spine which culminated in incomplete quadriplegia. Medical experts agreed that his disability was total and permanent. There was testimony that appellant had a history of drinking. This was known to appellee, who stated that appellant had been intoxicated while at work on not more than 5 occasions over the 8-year period and that he would not have allowed appellant to stay on the job while intoxicated. Appellee further stated that on February 11, 1975, appellant's work was good and that he did not know of any drinking by appellant on that date. Appellant himself stated that he had some vodka in his possession on that date and that he had drunk approximately 2 ounces thereof at noon. A fellow employee observed him asleep in his station wagon at about 3 p.m. There was no other testimony describing appellant's conduct or condition prior to his fall. Appellant's wife testified that she could tell the appellant had been drinking but that she did not think that he was intoxicated. A blood alcohol test made upon appellant when he was taken to the hospital showed an alcohol content of .175 percent. An expert testified such a content showed appellant to have been intoxicated at the time the test was taken, and that such a content was sufficient to impair reflexes, depth perception, coordination, and other motor activities. Appellee also testified that the roof upon which the appellant was working was "walkable" without special protection against falling.

The evidence given in the foregoing summary, although obviously not conclusive of the fact of intoxication at the time of injury, nevertheless is sufficient to support the finding of the Workmen's Compensation Court, both as to the preponderance thereof to support the affirmative defense of the appellee and as to the lack of sufficient evidence to show the

intoxication on the part of the appellant was with the consent, knowledge, or acquiescence of the appellee.

The finding and judgment of the Workmen's Compensation Court meet the standards of section 48-185, R. S. Supp., 1976, for affirmance.

AFFIRMED.