Duane DRISCOLL, Claimant
and Appellant,

v.

GREAT PLAINS MARKETING COMPA-
NY, and Lincoln Lumber, Inc.,
Employer and Appellee,

and

Farmers Alliance Mutual Insurance Co.,
Insurer and Appellee.

No. 13564.

Supreme Court of South Dakota.

Considered on Briefs March 25, 1982.

Decided July 28, 1982.

Thomas M. Issenhuth of Arneson, Issen-
huth & Gienapp, Madison, for claimant and
appellant.

Edwin E. Evans of Davenport, Evans,
Hurwitz & Smith, Sioux Falls, for employer
and appellee and insurer and appellee.

PER CURIAM.

Employee, Duane Driscoll, appeals from
an order of the circuit court denying his
claim for worker's compensation. The cir-
cuit court's order affirmed the Deputy Di-
rector of the Division of Labor and Man-
agement, Department of Labor, who had
also denied the claim after a hearing. We
affirm.

Employee had been drinking beer one
winter day when he had an auto accident
which gave rise to his claim for worker's
compensation. As a job superintendent,
employee lived in Sioux Falls, South Dako-
ta, and coordinated construction for resi-
dences in Dell Rapids, a few miles north.
While returning from Dell Rapids on the
day of the accident he stopped at a bar to
talk to a subcontractor and socialize. After
drinking five or six beers he left. By that
time it was dark. As he traveled a county
road to Sioux Falls, employee came to an
"S" curve in the road where a bridge
crossed a ditch. The road had been dry and
clear up to this point. The December
weather, however, had alternately thawed
and frozen the snow along the curve, mak-
ing it icy and slippery. Employee testified
that he was driving about fifty-five when
he came to the curve but he "didn't know it
was there." The curve had no traffic warn-

ing sign. Employee applied his brakes but was unable to slow down; he hit the bridge and was injured. His blood test two hours after the accident showed a blood alcohol content of .16.

A deputy sheriff who investigated the accident testified that he was able to safely drive his patrol car through the curve at thirty, forty, and fifty-five miles per hour. An expert testified that employee's blood alcohol content at the time of the accident would have been .20 and that employee's judgment, vision and muscle reactions would have been impaired. This expert also testified that a driver with a blood alcohol content of .16 is about one hundred times more likely to be involved in an accident than if he had had nothing to drink.

The Deputy Director found that employee's intoxication was the proximate cause of the accident. Employee appealed the administrative denial of worker's compensation to the circuit court. The circuit court's order affirmed the findings of fact and conclusions of law of the Division of Labor and Management, Department of Labor, and affirmed the denial of employee's claim. Employee appeals from the circuit court's order, contending that the court erred in concluding that his intoxication was the proximate cause of the accident.

"In reviewing on appeal the circuit court's judgment under the South Dakota Administrative Procedures Act (SDCL ch. 1–26), we must make the same review of the administrative agency's action as does the circuit court, unaided by a presumption that the circuit court's decision is correct. [cites omitted]" *Matter of Certain Territorial Electrical Boundaries*, 318 N.W.2d 118, 121 (S.D.1982). This review is limited to determining whether the agency's findings are clearly erroneous. SDCL 1–26–36(5); *Barkdull v. Homestake Mining Co.*, 317 N.W.2d 417 (S.D.1982); *Matter of Clay-Union Elec. Corp.*, 300 N.W.2d 58 (S.D.1980).

■ Having found that employee's intoxication was the proximate cause of the accident, the Deputy Director correctly concluded that SDCL 62–4–37 barred the claim for worker's compensation. This statute provides:

No compensation shall be allowed for any injury or death due to the employee's willful misconduct, including intentional self-inflicted injury, intoxication, or willful failure or refusal to use a safety appliance furnished by the employer, or to perform a duty required by statute. The burden of proof under this section shall be on the defendant employer.

Though the statute uses the words "due to," this can only mean proximate cause. *Aetna Life Insurance Co. v. Carroll*, 169 Ga. 333, 150 S.E. 208 (1929); *Overall v. Southern Subaru Star, Inc.*, 545 S.W.2d 1 (Tenn.1976); 1A A. Larson, The Law of Workmens Compensation § 34.33, 6–80 to 6–83 (1979). The term "due to" carries the same meaning in this statute as "proximate cause" does in the law of negligence.

■ Employee argues that the proximate cause of the accident was the road conditions and not his intoxication. He argues that intoxication was only a contributing factor that does not bar recovery. When an injury may have had several contributing or concurring causes, the correct standard against which cause is measured is the substantial factor test and not a "but for" test.

When there is evidence of concurring or contributing causes, the trial court is required to apply the proximate causation standard expressed in South Dakota Pattern Jury Instructions, Vol. I, § 15.01:

When the expression "proximate cause" is used, it means that cause which is an immediate cause and which, in natural or probable sequence, produced the injury complained of. It is a cause without which the injury would not have been sustained. It need not be the only cause, nor the last or nearest cause. It is sufficient if it concurs with some other cause acting at the same time, which in combination with it, causes the injury.

*Leslie v. City of Bonesteel*, 303 N.W.2d 117, 120 (S.D.1981). Although the road conditions may have been a contributing factor, the effects of employee's intoxication in

causing his injury would lead reasonable men to conclude that it was a substantial factor in causing the injury. *Woosley v. Central Uniform Rental*, 463 S.W.2d 345 (Ky.1971). We are not left with a definite and firm conviction that a mistake has been made. *In re Estate of Hobelsberger*, 85 S.D. 282, 181 N.W.2d 455 (1970). We conclude, therefore, that the Deputy Director was not clearly erroneous in finding that the accident was proximately caused by employee's intoxication. Hence, the Deputy Director correctly concluded that SDCL 62–4–37 barred employee's claim.

The judgment is affirmed.