1996 SD 39

Donna **THERKILDSEN**, Appellant,

v.

**FISHER BEVERAGE** and the
Travelers, Appellees.

No. 19176.

Supreme Court of South Dakota.

Considered on Briefs Feb. 13, 1996.

Decided April 10, 1996.

Dennis W. Finch, Finch, Bettman & Maks, Rapid City, for appellant.

Thomas E. Simmons, Bangs, McCullen, Butler, Foye & Simmons, Rapid City, for appellees.

GILBERTSON, Justice.

[¶ 1] Donna Therkildsen, Claimant, appeals from a denial of death benefits under the Worker's Compensation Act. We affirm.

## FACTS AND PROCEDURE

[¶ 2] Kerry Therkildsen, Claimant's husband, was employed as a sales manager for Fisher Beverage (hereinafter Employer), a beer distributor. His job entailed promoting Employer and its products. His employment duties involved traveling a 65–mile area in a company car assigned to him and calling on liquor establishments to pre-sell accounts to those with beer licenses. Employer set up a separate expense account with which Ther-

kildsen was expected to purchase drinks for Employer's customers. Employer stated that Therkildsen also drank with the customers and that this was a "normal practice" of his job. However, Employer testified there was a "clear understanding" that employees were not to become under the influence of alcohol while working.

[¶ 3] On the afternoon of April 25, 1991, Therkildsen called upon the Casino Bar in the Deadwood/Lead area, a customer on his sales route. There, Therkildsen drank beer [1] and was in the bar approximately 2 1/2 hours. During that time, he won twice on the video lottery machine and bought a round of drinks for the house. Prior to his leaving the bar at approximately 7:30 p.m., Therkildsen spoke with the bar owner and bartender, both of whom testified he did not appear to be intoxicated. Therkildsen gave one of the patrons a ride home from the bar. This patron also stated he did not believe Therkildsen was intoxicated.

[¶ 4] At approximately 8:25 p.m., Therkildsen was discovered dead by a South Dakota Highway patrolman on Interstate 90 east of Sturgis. He had apparently been the victim of a one-vehicle rollover accident wherein he was ejected from the vehicle and killed. Road conditions were dry and visibility was clear. There were no skid marks left on the highway, but from marks left by Therkildsen's vehicle in the median it was determined Therkildsen was traveling at a minimum of 71 miles per hour.

[¶ 5] The patrolman who was first on the scene testified he found no evidence of alcohol at the accident site nor did he smell alcohol on the victim. Blood samples taken from Therkildsen immediately following the accident were tested for alcohol content. The first test, run four days after the accident, resulted in a .145% blood alcohol level. The second test, run two months after the accident, resulted in a .139% blood alcohol level. The third test, run six days after the second test and by a different chemist, resulted in a blood alcohol level of .12%. According to testimony before the Department

---

1. The bartender on duty that afternoon testified Therkildsen drank two or three beers but upon further questioning admitted Therkildsen could have consumed more than that amount.

of Labor, these decreasing levels over time were consistent with one another.

[¶ 6] Claimant sought death benefits under the Worker's Compensation Act. Employer asserted Therkildsen's intoxication barred recovery under SDCL 62–4–37, which precludes worker's compensation benefits for employee's injuries caused by the employee's intoxication. Claimant argued Employer had not sustained its burdens of proving that Therkildsen was intoxicated and that intoxication was a substantial factor in causing Therkildsen's death. Further, Claimant stated Employer should be estopped from asserting the intoxication defense due to Employer's encouragement of Therkildsen's drinking alcohol on the job.

[¶ 7] The South Dakota Department of Labor awarded death benefits finding that intoxication was a substantial factor in causing Therkildsen's death but that Employer was estopped from using the intoxication defense in this case. Employer appealed to the circuit court. The circuit court affirmed the finding that intoxication was a substantial factor in causing Therkildsen's death but reversed the Department's conclusion that Employer should be estopped from asserting the intoxication defense. Claimant appeals the following issues to this Court:

1. Whether the Department of Labor and the Circuit Court erred in finding that intoxication was a substantial factor in causing Therkildsen's automobile accident and death?

2. Whether the Circuit Court erred in reversing the Department's legal conclusion that Employer should be estopped from asserting the intoxication defense?

## STANDARD OF REVIEW

[¶ 8] "Issues of causation in worker's compensation cases are factual issues that are best determined by the Department." *Lawler v. Windmill Restaurant,* 435 N.W.2d 708, 709 (S.D.1989) (citing *Newbanks v. Foursome Package & Bar, Inc.,* 201 Neb. 818, 272 N.W.2d 372, 376 (1978)). Our standard of review of factual issues is the clearly erroneous standard. SDCL 1–26–36(5); *Driscoll v. Great Plains Marketing Co.,* 322

N.W.2d 478, 479 (S.D.1982). Under this standard, we must determine whether there was substantial evidence to support the Department's finding. *Helms v. Lynn's, Inc.,* 1996 SD 8, ¶ 10, 542 N.W.2d 764, 766; *In re SDDS, Inc.,* 472 N.W.2d 502, 507 (S.D.1991). " '[T]he question is not whether there is substantial evidence contrary to the agency finding, but whether there is substantial evidence to support the agency finding[, and t]he court shall give great weight to findings made and inferences drawn by an agency on questions of fact.' " *SDDS, Inc.,* 472 N.W.2d at 507 (quoting *Schlenker v. Boyd's Drug Mart,* 458 N.W.2d 368, 371 (S.D. 1990) and citing *Lawler,* 435 N.W.2d at 711 (Morgan, J., concurring specially)). We review deposition testimony de novo. *Caldwell v. John Morrell & Co.,* 489 N.W.2d 353, 357 (S.D.1992). We review questions of law de novo. *Stang v. Meade Sch. Dist.,* 526 N.W.2d 496, 498 (S.D. 1995).

## ANALYSIS AND DECISION

[¶ 9] **1. Whether the Department of Labor and the Circuit Court erred in finding that intoxication was a substantial factor in causing Therkildsen's automobile accident and death?**

[¶ 10] Claimant challenges the Department of Labor's finding that Therkildsen was intoxicated at the time of the accident and that his intoxication was a substantial factor in causing his accident and death. SDCL 62–4–37 provides that injuries caused by intoxication are not compensable:

*No compensation shall be allowed for any injury or death due to the employee's willful misconduct, including* intentional self-inflicted injury, *intoxication,* illegal use of any schedule I or schedule II drug, or willful failure or refusal to use a safety appliance furnished by the employer, or to perform a duty required by statute. *The burden of proof under this section shall be on the defendant employer.* (emphasis added).

[¶ 11] Claimant correctly points out that Employer must prove both intoxication and that the intoxication was the cause of Therkildsen's death. Evidence regarding in-

toxication was submitted through the three blood alcohol test results, experts' opinions regarding the effects such blood alcohol levels would have on driving abilities, observances of Therkildsen by persons who saw him that evening prior to his death, and the circumstances surrounding the accident itself. Although observers testified Therkildsen did not appear to be intoxicated, both of the experts agreed that with the level of alcohol which was tested to be in Therkildsen's blood, there would be impairment in judgment and driving abilities. The experts disagreed on degree of impairment.[2]

■ [¶ 12] The worker's compensation statute does not define "intoxication." Our state's Motor Vehicle Code, however, provides a legal presumption of intoxication [3] for persons with blood alcohol levels of .10% or greater. SDCL 32–23–7(3). This level is *prima facie* proof of intoxication. *Spry*, 87 S.D. 318, 329, 207 N.W.2d at 510; *see also 2800 Corp. v. Fernandez*, 528 N.W.2d 124, 129 (Iowa 1995); *Smith v. State Roads Comm'n*, 240 Md. 525, 214 A.2d 792, 797 (1965). As Therkildsen met his death while driving a company car, we look to this section to define "intoxication" under the facts of this case. *See Stewart v. Oliver B. Cannon & Son, Inc.*, 551 A.2d 818, 821 (Del.Super.1988) ("Since the Court in *Smith* was deciding a workman's compensation claim that involved the death of an employer [sic] driving a motor vehicle while intoxicated, it necessarily considered the appropriate State statute restricting the use of intoxicants while driving a motor vehicle.") We do not address this statute's application to worker's compensation cases which do not involve an employee injured while operating a motor vehicle. Here, Therkildsen's blood alcohol levels were more than sufficient to raise the statutory presumption that he was intoxicated at the time his accident and death occurred. It should also be noted that Therkildsen violat-

ed the safety statute governing excessive speed.[4]

[¶ 13] We turn our attention to the causation issue. In *Driscoll v. Great Plains Marketing Co.*, 322 N.W.2d 478 (S.D.1982), we determined the words "due to" in SDCL 62–4–37 referred to proximate cause. *Id.* at 479. The factual situation of that case, as is present here, was that the injury may have had several contributing or concurring causes. In the present case, there is evidence that both speed and alcohol were involved, though to what extent either factor was an instrument of causation is disputed. We stated in *Driscoll,*

> [w]hen an injury may have had several contributing or concurring causes, the correct standard against which cause is measured is the substantial factor test and not a 'but for' test. 'When there is evidence of concurring or contributing causes, the trial court is required to apply the proximate causation standard expressed in South Dakota Pattern Jury Instructions[.]'
>
> When the expression 'proximate cause' is used, it means that cause which is an immediate cause and which, in natural or probable sequence, produced the injury complained of. It is a cause without which the injury would not have been sustained. It need not be the only cause, nor the last or nearest cause. It is sufficient if it concurs with some other cause acting at the same time, which in combination with it, causes the injury.

*Id.* (quoting *Leslie v. City of Bonesteel*, 303 N.W.2d 117, 120 (S.D.1981)); *Northwestern Bell Telephone Co. v. Henry Carlson Co.*, 83 S.D. 664, 165 N.W.2d 346 (1969).

[¶ 14] The Department of Labor found intoxication was a substantial factor in causing Therkildsen's auto accident and death. The circuit court affirmed this finding. Much of the evidence on the question of Therkildsen's intoxication and its affect on his accident and

---

2. In *Driscoll*, 322 N.W.2d at 479, expert testimony was provided to the effect a driver with a blood alcohol content of .16% is about 100 times more likely to be involved in a motor vehicle accident than if the driver had nothing to drink.

3. This Court uses the terms "intoxicated" and "under the influence" interchangeably. *See*

State v. Spry, 87 S.D. 318, 207 N.W.2d 504 (1973), *overruled on other grounds by State v. Buckingham*, 90 S.D. 198, 240 N.W.2d 84 (1976).

4. At the time of the accident, the maximum speed limit was 65 miles per hour. SDCL 32–25–11.2.

death was presented by deposition which we review de novo. We find substantial evidence exists to support the agency's finding and we therefore affirm.

**[¶ 15] 2. Whether the Circuit Court erred in reversing the Department's legal conclusion that Employer should be estopped from asserting the intoxication defense?**

[¶ 16] Employer asserted Therkildsen's intoxication as an affirmative defense under SDCL 62–4–37. Claimant argued Employer should be estopped from asserting the intoxication defense since Employer condoned, encouraged, and profited from Therkildsen's drinking alcoholic beverages while carrying out his employment duties. The Department agreed and awarded benefits. The circuit court disagreed and reversed.

[¶ 17] Whether the doctrine of estoppel can apply to abrogate a statutory defense provided by the Worker's Compensation Act is an issue of first impression in this state. Claimant urges this Court has previously applied the doctrine in a worker's compensation case in *Phillips v. John Morrell & Co.*, 484 N.W.2d 527 (S.D.1992). That case is inapplicable to the question here, however, because in *Phillips*, we declared the employee's horseplay at work did not constitute "willful misconduct" under SDCL 62–4–37. *Id.* at 532. Therefore, there was no statutory prohibition to compensation blocking application of the doctrine of equitable estoppel. In *Phillips*, the employer was only estopped from claiming the injury did not "arise out of and in the course of employment" where the employer, in fact, permitted such horseplay to varying degrees. *Id.* at 531. The doctrine was applied, then, to the determination of a factual question, not to nullify a legislative enactment.

[¶ 18] Other jurisdictions have considered the question of whether an employer can be estopped from asserting an intoxication defense if it acquiesces in the employee's intoxication. Several jurisdictions have held acquiescence sufficient to estop the employer. *See McCarty v. Workmen's Compensation Appeals Bd.*, 12 Cal.3d 677, 117 Cal.Rptr. 65, 527 P.2d 617 (1974) *superseded by statute as stated in West Amer. Ins. Co. v. Cal. Mut. Ins. Co.*, 195 Cal.App.3d 314, 240 Cal.Rptr. 540 (1987); *U.S. Steel Corp. v. Mason*, 141 Ind.App. 336, 227 N.E.2d 694 (1967); *West Florida Distributors v. Laramie*, 438 So.2d 133 (Fla.Dist.Ct.App.1983); *Beauchesne v. David London & Co.*, 118 R.I. 651, 375 A.2d 920 (1977); *Flavorland Industries v. Schumacker*, 32 Wash.App. 428, 647 P.2d 1062 (1982). Others have declined to do so. *See Hopper v. F.W. Corridori Roofing Co.*, 305 A.2d 309 (Del.1973); *Spoone v. Newsome Chevrolet Buick*, 306 S.C. 438, 412 S.E.2d 434 (Ct.App.1991); *Smith v. Traders & General Ins. Co.*, 258 S.W.2d 436 (Tex.Civ.App.1953).

[¶ 19] It is unnecessary for us to decide, based on facts of this case, whether SDCL 62–4–37 prohibits the use of estoppel as a bar to the application of the statute. We hold that the facts of this case do not constitute an estoppel, even if it does apply, based on Therkildsen's voluntary and intentional violation of his employer's rules and interests and his employer's lack of knowledge of such unauthorized conduct prior to its occurrence.

[¶ 20] While Therkildsen knew he was allowed to have a beer or two in the course of employment of selling his employer's beer, Therkildsen's actions exceeded the conduct authorized by his employer. Therkildsen was in the bar for two and one-half hours, well in excess of the time for briefly socializing, taking an order, and discussing with the owner future orders of beer.

[¶ 21] In fact, the owner of the bar was not even present during most of this time until summoned to pay off on Therkildsen's video lottery winnings. Therkildsen was not following his employer's policies when he played the video lottery machines and won $1200 which he kept rather than turn over to his employer. While at the bar, Therkildsen violated the employer's rule against becoming intoxicated. Therkildsen voluntarily choose to attempt to drive home in an intoxicated condition in violation of his employer's express policy and the state DUI law. SDCL 32–23–1. At the time of the accident he was also driving in excess of the posted speed limit. SDCL 32–25–11.2.

[¶ 22] In addition, there is no evidence in the record to show the employer was on notice that Therkildsen was likely to engage in this type of unauthorized conduct. *See Davis v. C & M Tractor Co.*, 4 Ark.App. 34, 627 S.W.2d 561, 564 (1982); *Frost v. Albright*, 460 So.2d 1125, 1128 (La.App.1984); *Theorin v. Ditec Corp.*, 377 N.W.2d 437, 440 (Minn.1985); *Sandage v. Adolf's Roofing, Inc.*, 198 Neb. 539, 254 N.W.2d 77, 78 (1977); *Blevins v. Safeway Stores*, 25 Ark.App. 297, 757 S.W.2d 569, 571 (1988); *Smith*, 258 S.W.2d 436. In the above cases, such lack of notice to the employer was held to preclude the application of estoppel. "An employer cannot acquiesce in facts of which it had no knowledge." *Theorin*, 377 N.W.2d at 440.

[¶ 23] "A recognized purpose of the Workmen's Compensation Law is to transfer from the worker to the employer, and ultimately to the public, a greater portion of the economic loss due to industrial accidents and injuries...." *Oviatt v. Oviatt Dairy, Inc.*, 80 S.D. 83, 85, 119 N.W.2d 649, 650 (1963). Given the facts of this case, the public should not be required under SDCL 62–4–37 to bear the economic loss of injuries caused by the employee's voluntary intoxication and illegally driving in that condition.

[¶ 24] We affirm the decision of the circuit court.

[¶ 25] MILLER, C.J., and SABERS, AMUNDSON and KONENKAMP, JJ., concur.