IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

KAMARAD V. DRK, INC.

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

DENNIS KAMARAD, APPELLANT,
V.
DRK, INC., APPELLEE.

Filed February 4, 2014.    No. A-13-471.

Appeal from the Workers' Compensation Court: MICHAEL K. HIGH, Judge. Affirmed.

Todd D. Bennett, of Rehm, Bennett & Moore, P.C., L.L.O., for appellant.

Robert D. Mullin, Jr., of McGrath, North, Mullin & Kratz, P.C., L.L.O., for appellee.

IRWIN, MOORE, and BISHOP, Judges.

MOORE, Judge.

Dennis Kamarad appeals from an order of dismissal entered by the Nebraska Workers' Compensation Court. The compensation court concluded that Kamarad's claim for benefits was barred because he was intoxicated at the time of his accident and his intoxication was a proximate cause of the accident. We find that the record supports the compensation court's findings and affirm its decision.

FACTUAL BACKGROUND

Kamarad is the owner of DRK, Inc., the entity which operates Legends Grub & Sports Pub (Legends) in North Loup, Nebraska. On September 21, 2011, Kamarad was working at Legends. During the dinner hours that day, Kamarad helped prepare food in the kitchen. When dinner business slowed, Kamarad left the kitchen and worked in the bar and dining area, helping fill drinks and cashing out customers. While he was working, Kamarad ate a meal and watched a Nebraska volleyball game with some customers. He also consumed a number of shots of Jägermeister liquor. Kamarad testified that he probably had three to five shots while he was working, but admitted that he was not keeping a close count of how much he was drinking.

- 1 -

At some point that night, Kamarad fell and injured his head and tailbone. Medical records showed that a rescue squad arrived at Legends at approximately 10:30 p.m. and took Kamarad to a hospital in Ord, Nebraska. The emergency room report contains a history that Kamarad was "throwing down a few shots," moved over sideways and backward and tripped. He fell backward and hit the back of his head. The report also indicates that Kamarad was "out" for 1 to 2 minutes and that he did not apparently have other health problems and was not taking medications. The report does not indicate who gave this history to the emergency room personnel. While at the hospital, Kamarad's blood was tested. This test revealed that Kamarad's blood plasma alcohol level after his fall was 261 milligrams per deciliter.

Kamarad did not have any recollection of the fall, but he remembered waking up in the hospital at approximately 2:30 a.m. the next day. Kamarad left the hospital soon after he woke up and returned to work the next day. He did not miss any work because of the injuries he sustained from the fall.

On March 26, 2012, Kamarad filed a petition in the Nebraska Workers' Compensation Court alleging that he suffered a compensable injury that arose out of and in the course and scope of his employment. Kamarad alleged that he choked on a piece of food causing him to fall and injure his head and tailbone. DRK, through its workers' compensation insurer, filed an answer on April 10, 2012, in which it denied that Kamarad's injuries were compensable. DRK also affirmatively alleged that Kamarad's injuries were caused by "his own gross negligence and/or intoxication." A trial was held before the compensation court on January 8, 2013.

Kamarad was the only witness to testify at the trial. DRK submitted the first responder reports, emergency room records, and the deposition testimony from Dr. Henry Nipper, Ph.D. Nipper is a professor of pathology at Creighton University, the director of clinical chemistry at Creighton University Medical Center, and the director of the core laboratory and the forensic toxicology laboratory at Creighton Medical Labs. By training and experience, Nipper is a toxicologist. Having reviewed the circumstances and documentation surrounding Kamarad's fall, Nipper concluded that Kamarad was intoxicated at the time his blood was tested at the hospital.

In reviewing this case, Nipper converted Kamarad's blood plasma alcohol level to a blood alcohol level of 221 milligrams per deciliter, or .221. Speaking conservatively, Nipper testified that a .221 blood alcohol level signified that Kamarad had at least 10 alcoholic drinks in his system when his blood was tested. Nipper stated that impairment begins at a blood alcohol level of .04 and that significant impairment begins at the .08 to .10 level. Nipper also testified that a person with a blood alcohol level of .221 may exhibit a number of behaviors, including loss of critical judgment; impairment of perception, memory, and comprehension; sensory-motor incoordination; impaired balance; drowsiness; and impairment of swallowing sufficient to cause choking. Nipper concluded with reasonable scientific certainty that Kamarad's intoxication led to impairments which caused his injuries.

On April 30, 2013, the compensation court entered an order of dismissal. The court concluded the evidence in the case demonstrated that Kamarad was intoxicated at the time of his fall and that his intoxication was a proximate cause, if not the sole cause, of his fall and injury. Thus, the court found that due to his intoxication, Kamarad's recovery was barred by Neb. Rev. Stat. § 48-127 (Reissue 2010). Kamarad appeals from this order.

ASSIGNMENTS OF ERROR

Kamarad assigns and argues four errors in his brief, which we combine into three for purposes of discussion. He argues, renumbered and restated, that the compensation court erred in (1) concluding that DRK had proved its intoxication defense, (2) failing to order DRK to pay his medical bills, and (3) failing to award him attorney fees.

STANDARD OF REVIEW

A judgment, order, or award of the Workers' Compensation Court may be modified, reversed, or set aside only upon the grounds that (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. *Hynes v. Good Samaritan Hosp.*, 285 Neb. 985, 830 N.W.2d 499 (2013). In determining whether to affirm, modify, reverse, or set aside a judgment of the Workers' Compensation Court, a higher appellate court reviews the trial judge's findings of fact, which will not be disturbed unless clearly wrong. *Rader v. Speer Auto*, 287 Neb. 116, ___ N.W.2d ___ (2013).

ANALYSIS

*Kamarad's Intoxication.*

Kamarad argues on appeal that the compensation court erred in finding that DRK proved that he was intoxicated at the time of his fall and that his fall was the result of his intoxication. He claims that because there was no testimony as to the cause of his fall, he should have been afforded a presumption that he was acting in "self-preservation" and was exercising "due care and diligence." Brief for appellant at 9. Kamarad also claims that Nipper's testimony amounted to only an opinion that his intoxication increased the chances that he would have fallen.

Section 48-127 provides: "If the employee is injured by reason of his or her intentional willful negligence, or by reason of being in a state of intoxication, neither he or she nor his or her beneficiaries shall receive any compensation under the Nebraska Workers' Compensation Act." Under Neb. Rev. Stat. § 48-151(8) (Reissue 2010), intoxication "includes, but is not limited to, being under the influence of a controlled substance not prescribed by a physician." In a workers' compensation case, the employer bears the burden of proof on the intoxication defense. See, *Nalley v. Consolidated Freightways, Inc.*, 204 Neb. 370, 282 N.W.2d 47 (1979); *Hilt Truck Lines, Inc. v. Jones*, 204 Neb. 115, 281 N.W.2d 399 (1979), *overruled on other grounds, Bassinger v. Nebraska Heart Hosp.*, 282 Neb. 835, 806 N.W.2d 395 (2011). This burden includes proving that the employee was intoxicated at the time of the accident and that the intoxication was the cause of the accident. See *id.*

At trial, Kamarad was the only witness to testify. He testified that he could not recall anything about the fall. Kamarad's hospital records note that the hospital staff perceived him to be intoxicated upon being admitted and reveal that he had a blood alcohol level of .221 after the fall. Further, DRK submitted expert testimony from Nipper. During his testimony, Nipper validated the procedures used and the results of Kamarad's blood test and testified to the behaviors that accompany such a blood alcohol level. Nipper opined with "reasonable scientific

certainty" that Kamarad's actions in becoming significantly intoxicated led to the impairments which were the cause of his injuries.

The compensation court found that DRK met its burden to prove that Kamarad was intoxicated and that his intoxication was a proximate cause of his fall. Whether Kamarad was intoxicated and whether his intoxication caused his fall and injuries were questions of fact. When reviewing a compensation court decision, a higher appellate court reviews the trial judge's findings of fact, which will not be disturbed unless clearly wrong. See *Rader v. Speer Auto*, 287 Neb. 116, ___ N.W.2d. ___ (2013). Having reviewed this record, we find that the trial court's factual findings were not clearly wrong.

We also reject Kamarad's argument that he should have been afforded the presumption of acting with due care and diligence because there is no other witness testimony or explanation of how his fall occurred. This lack of witness testimony or explanation does not entitle Kamarad to recovery. In fact, the Nebraska Supreme Court has upheld a compensation court dismissal based on the employer's intoxication defense in a case where no witness observed the injured worker immediately before or during the fall from which the worker was injured. See *Sandage v. Adolf's Roofing, Inc.*, 198 Neb. 539, 254 N.W.2d 77 (1977). In that case, similar to the case before us, there was expert testimony showing that the worker's blood alcohol content after the fall was at an intoxicating level sufficient to impair reflexes, depth perception, coordination, and other motor activities. The Supreme Court affirmed the dismissal, noting that the evidence, although not conclusive, was sufficient to support the compensation court's dismissal. *Id*. We apply the same conclusion in this case.

This assigned error is without merit.

*Kamarad's Remaining Assignments of Error.*

Because we have concluded that the compensation court did not err when it determined that Kamarad was intoxicated at the time of his fall and that his fall was caused by his intoxication, we need not discuss his remaining assignments of error. See *In re Trust Created by Hansen*, 281 Neb. 693, 798 N.W.2d 398 (2011) (appellate court is not obligated to engage in analysis that is not necessary to adjudicate case before it).

CONCLUSION

Having reviewed the record, we conclude that the compensation court did not err in concluding that Kamarad was intoxicated at the time of the accident. We affirm the order of dismissal.

AFFIRMED.