HAZLETON *et al. v.* CITY OF ATLANTA.

PER CURIAM. 1. The ordinance of the City of Atlanta, regulating the licensing and operation of what are known as "jitney buses," and requiring the giving, by the person operating such vehicle, of an indemnity bond in the sum of $5,000 for each vehicle so operated, is not invalid on the ground that it violates art. 7, sec. 2, par. 1, of the constitution of this State (Civil Code, § 6553), which provides that all taxation shall be uniform upon the same class of subjects; nor on the ground that it is discriminatory against persons engaged in the business of operating such vehicles, and in favor of other persons operating taxicabs and like vehicles which the plaintiffs in error contend are of the same class as jitney buses.

2. Such ordinance is not invalid on the ground that it imposes upon persons operating jitney buses a much larger license fee than that imposed upon persons operating taxicabs; nor on the ground that the graded license fee imposed by such ordinance (being $75 for a motor bus having a seating capacity of four persons or less, including the driver, $100 for a motor bus having a seating capacity of more than four and less than eight persons, $175 [$125 ?] for each motor bus having a seating capacity of more than seven and less than ten persons, and $150 for each motor bus having a seating capacity of more than ten persons) is unreasonable.

3. Nor is such ordinance invalid on the ground that the requirement of the indemnity bond is unreasonable and oppressive as to the amount

thereof. Greene *v.* City of San Antonio (Tex. Civ. App.), 178 S. W. 6; Ex parte Sullivan (Tex. Cr. App.), 178 S. W. 537; City of Memphis *v.* State ex rel. Ryals (Tenn.), 179 S. W. 631; Ex parte Dickey (W. Va.), 85 S. E. 781, L. R. A. 1915F, 840, and note; Le Blanc *v.* City of New Orleans (La.), 70 So. 212.

4. The majority of the court are of the opinion that, except as to those grounds dealt with in the foregoing headnotes, the grounds of attack upon the ordinance brought into question in this case, claiming that it is unconstitutional because violative of certain specified sections and provisions of the constitution of this State and of the Federal constitution, are too general to raise a question for decision by the court. While the ordinance is referred to as a unit, a casual reading of it discloses that it is made up of many units, each containing a different provision regulatory of the business of operating motor buses, commonly called "jitneys" or "jitney buses." Many of these provisions are absolutely independent of others embodied in the same ordinance or general body of municipal laws upon the subject, many of which are clearly free from all of the objections presented, and could stand and be enforced even if certain of the provisions embraced in this general ordinance were stricken out upon the ground that they are unconstitutional and invalid. In this respect the case is controlled by the ruling in the case of *Rooks* v. *Tindall*, 138 *Ga.* 863 (76 S. E. 378).

EVANS, P. J., and LUMPKIN, J., are of the opinion that the case is not in this respect controlled by that just cited, and that the ruling there made on the question of practice should not be extended. They are of the opinion that other grounds of objection to the ordinance in question, as being violative of certain specified sections of the State and Federal constitutions, are sufficiently made to require a ruling upon them. They concur in the judgment as to the points ruled on the merits, but dissent from the ruling on the question of practice. A decision on the merits of the points thus sought to be made being eliminated by the ruling of the majority of the court, they concur in the judgment of affirmance.

BECK, J., dissents from the rulings in regard to the license fee or license tax, and in regard to the bond required of persons operating "jitney buses," being of the opinion that the tax is unreasonable and confiscatory, and that the bond required, because of the amount thereof, is, under the evidence, unreasonable and prohibitory.

HILL, J., dissents from the ruling in regard to the bond required, on the ground that, under the evidence, such requirement is unreasonable and prohibitory.

*Judgment affirmed. All the Justices concur, except Beck and Hill, JJ., dissenting.*

FEBRUARY 26, 1916.

Petition for injunction. Before Judge Ellis. Fulton superior court. May 1, 1915.

On the 9th day of April, 1915, the City of Atlanta, through its

governing body, adopted an ordinance, to take effect after five days, which in substance was as follows:

Section 1.  It shall be unlawful for any person, firm, or corporation, either as principal, agent, or employee, to use, occupy, or operate upon any of the streets or public places of the City of Atlanta any motor bus, or to act as driver or chauffeur thereof, without complying with the provisions of this ordinance applying to such ownership, operation, or to the position of driver or chauffeur thereof, or any of the regulations herein ordained.

Section 2.  That a motor bus, as the term is used in this ordinance, is hereby defined to be any motor-propelled vehicle operated over the streets and public places of the city, for the purpose of carrying passengers for hire, which receives and discharges passengers along the route traversed by said vehicle.  This definition does not apply to any street or interurban railway, or motor-propelled vehicles used exclusively for sight-seeing purposes, or to motor-propelled vehicles used exclusively as hotel buses, or to any motor-propelled vehicle which is rented from a fixed stand in the street, or from a private or public garage, and the destination of which is under the direction of the passenger or passengers transported therein.  The term "driver" is hereby defined as a person driving a "motor bus."  The term "motor bus" is further ordained to include machines or cars called "jitneys" or "jitney buses."

Section 3.  It shall be unlawful for any person, firm, or corporation, either as owner, lessee, or possessor in any right, to engage in the business of operating a motor bus without first obtaining a license therefor from the city clerk and complying with the following requirements:·

1st.  The payment of a license fee for each motor bus, which license is hereby ordained as follows:  1st.  For each motor bus having a seating capacity of four persons or less, including driver, $75.00.  2nd.  For each motor bus having a seating capacity of more than four and less than eight persons, including driver, $100.00.  3rd.  For each motor bus having a seating capacity of more than seven and less than ten persons, including driver, $175.00 (?).  4th.  For each motor bus having a seating capacity of more than ten persons, including driver, $150.00.  This license is fixed for a period of one year, no license to be issued for a period of less than six months.

2nd. Said clerk shall not issue such license until the applicant shall file with the clerk statement in writing, giving the number of buses proposed to be operated, the seating capacity of each, name of applicant, and his or her address or place of business. The statement shall furthermore describe the bus or buses to be used, and shall also give the make of each car, factory number, motor number, and number of passengers each bus is capable of carrying.

3rd. The applicant, before receiving said license, shall file a written statement clearly setting forth the route upon which the bus or buses are to be operated and the terminal points of such routes. However, the licensee may change these routes at any time by filing a statement to that effect with the mayor and general council before making the change.

4th. If the applicant be a corporation, it shall, before receiving the license, file with the clerk a certified copy of its charter, accompanied with the statement showing the amount of capital actually paid into the corporation, and the names and places of residence of all the officers thereof.

5th. Such applicant shall likewise file with the city clerk, and from time to time as changes are made, a list stating the name, age, and residence of each driver employed by said applicant, or as soon as employed by said licensee.

Section 4. It shall be unlawful for any person to act as driver, under this ordinance, of any motor bus, without complying with the following requirements:

(A) Each person, firm, or corporation operating any such automobile or automobile bus shall, before the same is placed in operation, file with the city clerk an indemnity bond in the sum of five thousand dollars, for the operation of each automobile or vehicle; and it shall be the duty of the clerk to present such bond to the mayor and general council for approval, and the same shall be approved by that body before it shall be lawful to operate such vehicle in conducting the business herein defined. And the applicant shall maintain the bond at the amount specified during the whole time of operation; and such bond shall be conditioned to the effect that in the event of any person or property being injured or damaged by the operation of any such vehicle, for which the owner may be liable under the laws of Georgia, the person so injured in

his person or property shall have a right of action under such bond, and the bond shall not be void upon first recovery, but may be sued under from time to time until the full penalty thereof may be exhausted.

(B) Filing with the clerk a certificate from the chief of police or assistant chief that such person is, in the opinion of said officer, qualified to operate a motor bus, and of good character for sobriety and good conduct.

(C) No certificate shall be received by the clerk or issued by either of said officers unless such person is 18 years of age, but same may be issued to a person of each sex.

(D) The clerk shall issue to the applicant a metal badge, which shall be worn by the driver in a conspicuous manner on his coat and be seen at all times, with the serial number and date properly filled in, the badge having on it the following words: 'Licensed driver No.........., Atlanta, Ga. 19....' This badge to be worn by the driver at all times while driving a motor bus, and it shall be unlawful for him to operate a motor bus without wearing the badge, or without having given and had approved the bond referred to.

Section 5. It shall be unlawful for any driver procuring a badge and card, as above described, to give, lend, or in any manner undertake to transfer the same to another person; and it shall be unlawful for any other person to wear such badge issued as herein required, as authority for the person to act as a driver for any motor bus.

Section 6. The holder of a license for the operation of a motor bus may substitute one motor bus for another, provided such substitution shall not continue for a longer time than seven days consecutively. If such substitution continues for a longer period, a written statement to this effect shall be filed with the clerk of council, and the clerk shall enter upon each license the facts of such substitution.

Section 7. No license shall be issued to any person, firm, or corporation who selects a route with a terminus at the intersection of Whitehall and Alabama streets, or at what is known as Five Points, but said buses or routes thereafter may operate across said intersections with the terminus at some point other than said intersections. This provision is made because of the congestion of travel at the intersections referred to.

Section 8.    The mayor and general council reserve the right to cancel the license of any licensee at any time for a violation by such licensee of the provisions of this ordinance or other ordinance of the city, whenever the safety of the traveling public may demand same.

Section 9.    No motor bus shall use any portion of the streets as a stand or as a place of business, but are permitted to stop upon any of the streets or public places of the city only at the intersection of a cross-street, on the rear side and right-hand side of the street on which the bus is being operated for the purpose of receiving and discharging passengers; provided no more time be consumed than is necessary for this purpose, and provided the bus shall stand in such position as not to interfere with pedestrians crossing the street or with passengers boarding or alighting from street-cars.    No motor bus shall stop to take on or let off passengers except at the curb.

Section 10.    It shall be unlawful for the owner, operator, or driver, by the use of loud words or other means which may annoy pedestrians or tend to create disorder, to solicit or attempt to induce any person or persons to ride in such motor bus.

Section 11.    It shall be unlawful for any person to ride upon the hood, fender, running-board or outside the body of any motor bus.

Section 12.    Every motor bus operated under this ordinance must be well built, kept in good repair and in clean and sanitary condition, and capable of safely and comfortably transporting the passengers thereof, and shall at all times be subject to the inspection of the chief mechanic of the municipal garage; and it shall be unlawful to operate such motor when the same has been disapproved by such mechanic.

Section 13.    It shall be unlawful for the driver of a motor bus to charge or demand a greater fare than five cents for each passenger, or make any charge for the transportation of hand baggage of such passenger, unless same is of size sufficient to occupy space which otherwise might be occupied by a passenger, or would inconvenience other passengers using the bus or tend to make the operation thereof unsafe.

Section 14.    The driver of any motor bus shall carefully preserve any article left in the bus by a passenger.    If not called for

by the owner in 24 hours, each article shall thereupon be turned over to the chief of police for safe-keeping and identification by owner.   When the owner calls for same either in the hands of the driver or licensee or chief of police, and proves his ownership, same shall be promptly delivered to him.

Section 15.  .No motor bus shall be used unless provided with a sign attached to the side or rear of the car, setting out the route thereof, the termini, and fare charged.   The letters and figures shall be painted in white on a black background and shall not be less than 2-1/2 inches in height, with a stroke of not less than 1/4 inch in width.   Underneath the foregoing shall be set forth the name of. the person or. corporation operating the bus.   No other signs or advertising shall be carried on the outside of. the bus. This does not prohibit reasonable decoration by banners or other-wise, provided same do not interfere with passing vehicles or tend to frighten animals driven along the route of the bus.   There shall be no sign, letters, or figures upon the windshield, and no ob-struction of any kind carried upon the bus which in anyway ob-structs the vision of the driver or tends to limit his view of the street along which the car is being operated.

Section 16.   If the driver of any car has been convicted, in either the State or the recorder's court, of a violation of any crimi-nal law of the State or city, his right to further operate a car or act as driver thereof ipso facto ceases and determines; and it shall be unlawful for him thereafter to offer as a driver or undertake to act as a driver of any motor bus, unless the chief of police, after investigation of the facts in the particular case, shall certify to the clerk of council that such conviction does not affect the character of the driver.   Thereupon the driver may be again entered by the clerk upon the records of his office as a duly licensed driver.   The chief of police may likewise report to council any facts which may come to his attention affecting the proficiency, sobriety, or char-acter of any driver, and the mayor and general council may, in their discretion, revoke the license and permit of the driver, and thereafter such driver shall not be qualified to drive a motor bus, and it shall be unlawful for him to. do so, until such time as the action of the mayor and general council, cancelling his license, may be repealed.

Section 17.   The license issued to any owner for the opera-

tion of one or more motor buses is subject to repeal and cancellation, as herein provided; and such license shall authorize the owner and his driver only to operate and drive a motor bus, and not undertake any other business; and if any other business is undertaken by such owner or driver, such as operating a taxicab or hack, or transfer of baggage, the license fee charged by the city to each of said several businesses must be paid before same is undertaken.

Section 18. All licenses, certificates, and permits issued under this ordinance shall be subject to the right, on the part of the mayor and general council, from time to time, to make or adopt any ordinances, resolutions, and regulations further controlling, regulating, and governing the operation of motor buses, or prescribing additional terms, conditions, license fees, and provisions of other kinds and character affecting such business or the operation thereof.

Section 19. Any person, firm, corporation, or driver violating any provision of this ordinance, or any section thereof or any portion of any section, where a complete offense is named, shall, on conviction in the recorder's court, be punished by a fine not exceeding $200.00, or imprisoned for not exceeding thirty days, or sentenced to work upon the public works of the city for a term not exceeding thirty days, or sentenced to work the public works (streets?) of the city for a term not exceeding thirty days, one, two, or all of these punishments to be inflicted in the discretion of the recorder.

Section 20. The clerk shall collect from the owner $1.00 for each seal or tag furnished as required by this ordinance. The clerk shall collect from each driver 50 cents for each badge furnished under the ordinance.

Section 21. Motor buses, as operated under this ordinance, shall be equipped on the inside with lights which shall furnish illumination at nights for convenience of passengers.

Section 22. That all ordinances or parts of ordinances in conflict with this ordinance are hereby repealed.

The plaintiffs filed an equitable petition, alleging that they were engaged in the operation of motor buses in the City of Atlanta, the same being commonly called "jitneys," and sought an injunction against the enforcement of the ordinance, alleging that the same was discriminatory, unfair, partial, unreasonable, oppressive, and

confiscatory; and that it was in violation of specified provisions of the constitution of the United States and of this State, and that consequently the same was null and void.

At the hearing the judge refused the injunction prayed, and the plaintiffs excepted.

*Thomas. B. Felder, C. V. Hohenstein, Walter R. Brown,* and *J. V. Pool,* for plaintiffs.

*J. L. Mayson* and *W. D. Ellis Jr.,* for defendants.