26659: ALEXANDER v. THE STATE.

ARGUED SEPTEMBER 16, 1971—DECIDED OCTOBER 8, 1971.

*Zachary & Segraves, W. E. Zachary, Sr.,* for appellant.

*Hinson McAuliffe, Solicitor, Thomas R. Moran, James L. Webb, Frank A. Bowers,* for appellee.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, Assistant Attorney General, G. Thomas Davis, Deputy Assistant Attorney General,* amicus curiae.

GRICE, Justice. This appeal is from an order overruling a general demurrer and motion to dismiss two misdemeanor accusations charging the appellant with violating a weight provision of Georgia Laws 1968, pp. 30, 31, as amended by Georgia Laws 1969, p. 637 (*Code Ann.* § 68-405 (b)).

One of the accusations charged that the appellant John Billy Alexander on a named date "did without a special permit to do so, operate a vehicle on U. S. Interstate 285, a public highway of said State and county, one axle of which vehicle was carrying a load in excess of the lawful limit of 20,340 pounds, namely a load of 25,000 pounds, and the accused herein failed to comply with the requirements of Georgia Code 1933, Section 68-405 (b) by shifting or equalizing the load on all axles of the aforesaid vehicle when requested to do so by the proper authority, contrary to law."

The other accusation was identical except that the load on one axle was 24,360 pounds.

To each of the accusations the appellant interposed a general demurrer and motion to dismiss upon grounds which in essence urged (1) that the penalty clause under the codal provision referred to above does not prescribe a penalty for overweight relative to axles, but does prescribe it as to *trucks;* and (2) that for specified reasons said provision violates the due process and equal protection guarantees of the United States and Georgia Constitutions (*Code* §§ 1-805, 2-102, 2-103) in particulars to be dealt with hereinafter.

Upon the overruling of the foregoing demurrer and motion, the trial judge certified the judgment for immediate review.

1. We first consider the contention that no penalty clause

is prescribed for overweight as to axles.

The appellant argues that the penalty provision under *Code Ann.* § 68-9921 (Ga. L. 1941, pp. 449, 452; 1956, pp. 83, 85; 1960, p. 1107; 1964, pp. 476, 477) refers only to *gross weight* of loads, not to *axle weight* of loads. He insists that since the accusations charge only operating a vehicle with one *axle* having a load exceeding the lawful limit of 20,340 pounds, the penalty provision of *Code Ann.* § 68-9921, supra, does not apply, and therefore there is no penalty for an excess *axle* load.

We cannot agree.

In this respect the broad content of *Code Ann.* § 68-405, supra, is significant. Subsection (a) deals with the limitations as to size of vehicles. Subsection (b) provides in material part that no vehicle equipped with low pressure pneumatic tires ". . . shall carry a load which exceeds 9,000 pounds by more than 13 per cent, *or any axle load* which exceeds 18,000 pounds by more than 13 per cent . . . If the driver of any vehicle can comply with the requirements of this section by shifting or equalizing the load on all wheels or axles and does so when requested by the proper authority, said driver shall not be held to be operating in violation of this section." (Emphasis supplied). Subsection (c) deals with maximum total gross weight. Subsections (d) and (e) relate to permits.

Likewise significant is the following sweeping language of the opening sentence of *Code Ann.* § 68-9921, supra, that "Any person violating *section 68-405,* which provides limitations as to the *size* and *weight of loads* of vehicles *or* operating any motor vehicle on the public roads or highways of this State having a greater length than authorized by such section *or* with a gross weight in excess of that permitted by such section, shall be guilty of a misdemeanor . . ." (Emphasis supplied).

From the foregoing it is clear that *Code Ann.* § 68-9921, supra, does provide a penalty for any prohibition of *Code Ann.* § 68-405, supra, which includes a limitation of *axle weights of loads.*

The foregoing construction, we believe, is in keeping with the intention of the General Assembly, manifest from this and other statutory enactments, to protect the highways of this State from unnecessary wear and hazard, not only due to gross weight of loads but also the results of excessive individual weight of axles.

2. We turn now to the other basic contention, that due process of law and equal protection of law are denied by *Code Ann.* § 68-405, supra.

As to this the appellant maintains in substance that this section provides for special permits to violate the limits prescribed by the law; that it exempts poles, logs, pilings, lumber, structural steel, timber, structural members, piping and pre-stressed and pre-cast concrete; that it provides that by payment of a fee certain parties may get a permit to violate any section of the law as to weight, length or height for a period not exceeding twelve months by arranging a $300,000 indemnification agreement and showing that the load cannot be readily dismantled; that there is no logical reason to allow some persons to violate the weight requirements for convenience while others cannot, this being unequal and unreasonable; and that the provision discriminates in favor of a driver who is hauling a product that can be redistributed and penalizes a person who hauls a product that cannot be redistributed.

None of the above is a violation of due process or equal protection of law. This is but the lawful exercise of police power by the State to regulate the use of highways which belong to it. See as to this the several opinions cited in *Hazelton v. City of Atlanta,* 144 Ga. 775 (87 SE 1043) and *Georgia Public Service Comm. v. Saye & Davis Transfer Co.,* 170 Ga. 873 (154 SE 439).

Statutes regulating the weight of vehicles on the public highways have been uniformly upheld. See Sproles v. Binford, 286 U. S. 374 (52 SC 581, 76 LE 1167); South Carolina State Highway Dept. v. Barnwell Bros., 303 U. S. 177 (58 SC 510, 82 LE 734). Also exemptions from operation of the statutes have been consistently sustained. See Sproles

v. Binford, 286 U. S. 374, supra; Hicklin v. Coney, 290 U. S. 169 (54 SC 142, 78 LE 247). For an excellent opinion by the Supreme Court of South Carolina on this subject see State v. J. P. Nutt Co., 180 S. C. 19 (185 SE 25).

For the foregoing reasons, we hold that *Code Ann.* § 68-405, supra, is valid.

It follows that the trial court properly overruled the appellant's demurrer and motion seeking to void the accusations based upon it.

*Judgment affirmed. All the Justices concur, except Felton and Hawes, JJ., who concur in the result only.*