2001 SD 76

**STATE of South Dakota, Plaintiff and Appellant,**

v.

**Kenneth L. YOUNG, Defendant and Appellee.**

**No. 21665.**

Supreme Court of South Dakota.

Considered on Briefs April 24, 2001.

Decided June 13, 2001.

Mark Barnett, Attorney General, Jason A. Glodt, Assistant Attorney General, Pierre, SD, Attorneys for plaintiff and appellant.

Gary Colbath, Jr., Rapid City, SD, Attorney for defendant and appellee.

AMUNDSON, Justice.

[¶ 1.] The State filed a petition for intermediate appeal, granted by this Court, from a judgment holding that the double penalty provision provided by SDCL 32–22–56 does not apply to overweight axle violations. We affirm.

## FACTS AND PROCEDURE

[¶ 2.] On March 2, 2000, Kenneth Young picked up a load of hay near Worland, Wyoming and was headed home to Wisconsin. He was driving his own semi-tractor pulling a new 1999 flatbed trailer. At Worland, his total truck weight was 73,560 pounds with each axle weighing less than 20,000 pounds, weighed on a certified elevator scale. Pursuant to SDCL 32–22–16, Young was entitled to carry up to 20,000 pounds per axle and have a total vehicle weight of 80,000 pounds.

[¶ 3.] He entered South Dakota on interstate I 90 in Meade County and was weighed at the Tilford Port of Entry near Sturgis. His total weight on this scale was 76,080 pounds, with one axle weighing 32,-

420 pounds. This was found to be over the 20,000 pound weight limit per axle.

[¶ 4.] Young was convicted of violation of SDCL 32–22–16 in magistrate court and, under the schedule provided by SDCL 32–22–55, assessed a penalty of 37½ cents per pound for the 12,420 pound overage, a total of $4,657.50. The magistrate then doubled Young's penalty, applying SDCL 32–22–56, since the overage exceeded 10,000 pounds. Young appealed to the circuit court, where his conviction was upheld but remanded to magistrate court for recalculation of the penalty. The circuit court held that SDCL 32–22–56 did not apply where the individual axle weight exceeded statutory limits, but applied only to the gross vehicle weight. The State appeals this determination of the circuit court.

## ANALYSIS AND DECISION

[¶ 5.] The sole issue on appeal is whether the double penalty provision of SDCL 32–22–56 applies to overweight axle violations where the whole truck weight is less than the 80,000‑pound maximum allowed by SDCL 32–22–16(3). This is our first opportunity to interpret SDCL 32–22–56, which was amended in 1999. As this appeal requires we engage in statutory construction, the applicable standard of review is de novo. *Mattis v. Weaver Electric Inc.*, 2000 SD 150, ¶ 8, 619 N.W.2d 526, 528. The statute provides:

> In any case where the motor vehicle is absolutely overweight beyond ten thousand pounds, the pounds by which the vehicle is so overweight shall be assessed at double the penalties prescribed in § 32–22–55.[1]

[¶ 6.] Interpreting statutes according to their plain language is a primary rule of statutory construction. *Nickerson v. American States Ins.*, 2000 SD 121, ¶ 11, 616 N.W.2d 468, 470. The plain meaning definition of "absolutely" is "definitely and completely," with "completely" defined as "having all necessary or normal parts, components, or steps; entire." American Heritage Dictionary 5, 285 (3d ed. 1997). Black's Law Dictionary defines "absolutely" as "completely; wholly; without qualification." *Black's* at 9 (6th ed. 1990). By its plain language, SDCL 32–22–56 refers to the weight of the motor vehicle itself and by the phrase "absolutely overweight," refers to the weight of the total vehicle rather than any of its individual parts. The statute refers to a vehicle

---

1. This is the schedule of penalties under which Young was assessed 37½ cents per pound of overweight. It provides:

   Any person who is convicted of the offense of operating a motor vehicle upon the public highways of this state *with weight upon any* wheel, *axle,* or groups of axles or upon more than one thereof *greater than the maximum permitted by §§ 32–22–2 to 32–22–33, inclusive,* 32–22–47 and 32–22–48 shall be fined in addition to, and not in substitution for, any other penalties now provided by law for such offense in the following amounts:
   In an amount equal to five cents per pound for each pound of such excess or combined excess weight over one thousand pounds if such excess is three thousand pounds or less.

   In an amount equal to fifteen cents per pound for each pound of such excess or combined excess weight if such excess exceeds three thousand pounds and is four thousand pounds or less.
   In an amount equal to twenty-two and one-half cents per pound for each pound of such excess or combined excess weight if such excess exceeds four thousand pounds and is five thousand pounds or less.
   *In an amount equal to thirty-seven and one-half cents per pound for each pound of such excess or combined excess weight if such excess is more than five thousand pounds.*
   The fine schedule in this section is assessed at a single rate according to the cents per pound penalty for the highest weight violation.
   (emphasis added).

that is completely, entirely or wholly overweight, not merely overweight on a separable part of the vehicle. The language of the statute is "the pounds by which the vehicle is so overweight," not an identified part of the vehicle.

[¶ 7.] The plain language of SDCL 32–22–55 also supports this conclusion. In providing the schedule of penalties for overweight named parts of a motor vehicle, it includes this instruction: "The fine schedule in this section *is assessed at a single rate* according to the cents per pound penalty for the highest weight violation." (emphasis added). This language precludes assessment of multiple rates, or a double penalty for an overweight part of a vehicle.[2] The Legislature has already, in this statute, enhanced the penalty based on increasing amounts of weight on the axle. The next statute, SDCL 32–22–56, applies to the whole vehicle.[3]

■ [¶ 8.] Another primary and well-settled rule we adhere to when construing statutes is the presumption that the Legislature does not insert surplusage into its enactments. *Nielson v. AT & T Corp.*, 1999 SD 99, ¶ 16, 597 N.W.2d 434, 439. If the Legislature did not mean this statute to apply to the weight of the total vehicle, the phrase "absolutely overweight" is unnecessary. In fact, if the absolute or entire weight of the vehicle was not the concern of SDCL 32–22–56, the whole statute becomes surplusage. SDCL 32–22–55 provides a schedule that lists increasing amounts of penalty for increasing degrees of overweight up to and in excess of five thousand pounds. By its plain language, it applies where the overweight is "upon any wheel, axle, or groups of axles...." If the double penalty for weight in excess of ten thousand pounds provided by SDCL 32–22–56 was meant to apply to an overweight axle (or wheel or group of axles) the Legislature could have included this provision into the schedule provided by SDCL 32–22–55, which already existed and applies to overweight parts of the vehicle.

[¶ 9.] Examination of legislative history reveals that in 1953, both statutes were part of the same session law.[4] However,

---

**2.** According to the hearing transcript, this is precisely how the magistrate court interpreted the statute when it assessed Young double the 37½—cent per pound penalty for his overweight axle; that is, any axle more than 5,001 pounds overweight was assessed at 75 cents per pound penalty. However, SDCL 32–22–55 already provides that the penalty for overweight axles in excess of 5,000 pounds (which would include those weights over 5,001 pounds) is 37½ cents per pound overweight.

**3.** The dissent cites to a Georgia case, *Alexander v. State*, 228 Ga. 179, 184 S.E.2d 450 (1977), as instructive to the determination of the question before this Court. However, the Georgia court applied a statute different from our own to facts that did not involve a question of a double penalty for an overweight vehicle. There, the plaintiff was charged a penalty for overweight axle load to which he filed a motion to dismiss claiming the statute did not prescribe a penalty for overweight axle loads, only overweight trucks. Mr.

Young does not dispute the penalty for overweight axle, only that our statutes do not permit enhancement of that penalty by application of SDCL 32–22–56 which applies to overweight of the total vehicle. No one disputes that the state has an interest in unnecessary wear on our highways, *see State v. Barton*, 2001 SD 52, ¶ 14, 625 N.W.2d 275, 279 ("The state has a substantial interest in protecting its highways from overweight violations."), however, the Georgia case is inapposite to the one before us.

**4.** The statute imposing weight restrictions on motor vehicles using our state highways and providing a criminal penalty for violation of that statute was first enacted in 1929. SDCL 32–22–16; *State v. Feiok*, 364 N.W.2d 536, 539 (S.D.1985); 1929 SD Sess.L. ch. 251, §§ 39, 61. In 1951, the predecessor of SDCL 32–22–55 was enacted. *1951 SD Sess.L. ch. 235.* By 1953, language from the predecessors of both SDCL 32–22–55 and 32–22–56

while the categories of penalties for overweight axles, wheels and groups of axles were dependent clauses of the same first paragraph of that session law, the double penalty for an absolutely overweight motor vehicle, a separate class from the individual vehicle parts, was provided by separate paragraph.

[¶ 10.] In 1967, the Legislature revised our system of codified laws, renumbering and amending the single predecessor statute by enacting two statutes, which separated the schedule of penalties for overweight parts of vehicles from the double penalty provision that is only invoked "where the motor vehicle is absolutely overweight." Our affirmance of the circuit court's decision is the only interpretation that permits these two statutes to be construed together and harmonized, giving effect to all their provisions, another primary and well-settled rule of statutory construction. *Barton*, 2001 SD 52 at ¶ 26, 625 N.W.2d at 281; *Hot Springs Ind. Sch. Dist. No. 10 v. Fall River Landowners Ass'n*, 262 N.W.2d 33, 36 (S.D.1978).

[¶ 11.] We assume that the Legislature, when enacting a provision, has in mind previously enacted statutes relating to the same subject. *Meyerink v. Northwestern Public Service Co.*, 391 N.W.2d 180, 184 (S.D.1986); *Feiok*, 364 N.W.2d at 539. Both SDCL 32–22–55 and 32–22–56 were amended in 1999. SDCL 32–22–55, providing the schedule of penalties for Young's overweight axle, was amended by 1999 SD Sess.L. ch. 162, § 4.[5] SDCL 32– 22–56, the statute at issue, was amended by § 5 under the same Session Laws.[6] It cannot be conceived the 1999 Legislature did not have 32–22–55, providing the penalties for specific parts of a vehicle found to be overweight, in mind when it enacted and amended 32–22–56, providing the penalty "where the motor vehicle is absolutely overweight beyond ten thousand pounds."

[¶ 12.] Finally, we recognize that the Legislature knows how to exempt or include items in its statutes. *See Therkildsen v. Fisher Beverage*, 1996 SD 39, ¶ 10, 545 N.W.2d 834, 836 (excluding a person's right to collect worker's compensation benefits); *Jasper v. Smith*, 540 N.W.2d 399, 403 (S.D.1995) (exempting property from attachment of a lien); *Sander v. Geib, Elston, Frost Pro. Ass'n*, 506 N.W.2d 107, 124 (S.D.1993) (including an entity as a beneficiary). If the Legislature had meant that a single axle, overweight beyond ten thousand pounds, could invoke the double penalty, it would have said so. As noted above, there already existed a provision scheduling the penalties for specific parts of the vehicle found to be overweight, and the provision imposing a penalty for axles exceeding weight restrictions by more than five thousand pounds necessarily includes weights in excess of ten thousand pounds. That penalty is 37½ cents per pound of excessive weight, whether the axle is 5001, 7001 or 10,001 pounds in excess, or, as in this case, 12,420 pounds overweight.

---

can be found in the same session law.1953 SD Sess.L. ch. 247.

5. This statute was originally enacted in 1951. The 1999 amendment increased the penalties in each overweight category.

6. As previously noted, this statute was originally enacted in 1953, two years after enactment of SDCL 32–22–55. The 1999 amendment substituted "ten thousand pounds" for the previous statutory language of "the greatest permissible compensation plate weights for a vehicle in its class," and substituted "shall be assessed" for "may be assessed," making the double penalty mandatory. *In re Groseth Int'l, Inc.*, 442 N.W.2d 229, 231–32 (S.D.1989). The phrase "[i]n any case where the motor vehicle is absolutely overweight" has remained unchanged since 1953.

[¶ 13.] The order of the circuit court is affirmed.

[¶ 14.] SABERS and KONENKAMP, Justices, concur.

[¶ 15.] MILLER, Chief Justice, and GILBERTSON, Justice, dissent.

GILBERTSON, Justice (dissenting).

[¶ 16.] I respectfully dissent. SDCL 32–22–55 and SDCL 32–22–56, when construed together, double the ordinary statutory penalty for various types of an overweight vehicle. As such I would reverse the circuit court.

[¶ 17.] This is a case of statutory construction. Statutory intent must be construed from the statute as a whole as well as other statutes relating to the same subject. *US West Communications v. PUC*, 505 N.W.2d 115, 123 (S.D.1993). In reviewing SDCL chapter 32–22, it is clear that the intent of the Legislature is to reduce damage to the highways of South Dakota. "The evil sought to be avoided [is] the destruction of the public roads by excessively heavy vehicles." *State v. Boze*, 472 S.W.2d 35, 38 (1971). Indeed, "[i]t is beyond question that the destructive potential of the [excess] weight is determined not only by its [total] amount but the degree to which that amount is concentrated in one spot or area." *Id.*

[¶ 18.] I agree with the Court that under *State v. Feiok*, 364 N.W.2d 536, 539 (S.D.1985), previous laws in this jurisdiction are an appropriate basis upon which to gain assistance in determining legislative intent. In 1953, the Legislature enacted what the Court correctly determines to be the predecessor of SDCL 32–22–55 and 32–22–56. 1953 SD Sess.L. ch. 247 states:

> Any person who is convicted of the offense of operating a motor vehicle upon the public highways of this state *with weight upon any wheel, axle or groups of axles or upon more than one thereof greater than the maximum permitted* by section 44.0336 of the South Dakota Code of 1939 and acts amendatory thereof shall be fined in addition to and not in substitution for any and all penalties now provided by law for such offense in the following amounts:
>
> In an amount equal to three cents per pound for each pound of such excess or combined excess weight over one thousand pounds when such excess is two thousand pounds or less.
>
> In an amount equal to five cents per pound for each pound of such excess or combined excess weight when such excess exceeds two thousand pounds and is three thousand pounds or less.
>
> In an amount equal to six cents per pound for each pound of such excess or combined excess weight when such excess exceeds three thousand pounds and is four thousand pounds or less.
>
> In an amount equal to eight cents per pound for each pound of such excess or combined excess weight when such excess exceeds four thousand pounds and is five thousand pounds or less.
>
> In an amount equal to ten cents per pound for each pound of such excess or combined excess weight when such excess is five thousand pounds or more.
>
> In any case where the motor vehicle *is absolutely overweight* beyond the greatest permissible compensation plate weights for a vehicle of its class, the pounds by which the vehicle is so overweight may be assessed at double the penalties hereinbefore prescribed. (emphasis added).

In construing this act as a whole it is clear that a vehicle is "absolutely overweight" whether the source of that weight is a "wheel, axle or groups of axles" or total

weight. The act makes no differentiation between the sources.

[¶ 19.] This statute remained intact until the adoption of the South Dakota Compiled Laws in 1967. At that point, the statute was split into two statutes which became SDCL 32–22–55 [7] and 56.[8] However, there were no amendments to the substance of the law. Further, the 1967 Code declared that: "[t]he provisions of this code, so far as they are the same as those of existing laws, shall be construed as a continuation of those laws and not as new enactments." SDCL 2–16–14. Although there were additional amendments in 1999, the pertinent language of the 1953 act, which is determinative of this appeal, survives and is still controlling.[9]

[¶ 20.] Thus, the phrase "absolutely overweight" is not limited to the total weight of the entire vehicle. Under SDCL 32–22 the term is inclusive of four ways an overweight violation can result. These statutes must be construed with a view to effect the

---

7. From 1967 to 1999, SDCL 32–22–55 stated:

Any person who is convicted of the offense of operating a motor vehicle upon the public highways of this state *with weight upon any wheel, axle or groups of axles or upon more than one thereof greater than the maximum permitted* by §§ 32–22–2 to 32–22–33, inclusive, 32–22–47 and 32–22–48 shall be fined in addition to, and not in substitution for, any other penalties now provided by law for such offense in the following amounts:

In an amount equal to five cents per pound for each pound of such excess or combined excess weight over one thousand pounds if such excess is three thousand pounds or less.

In an amount equal to ten cents per pound for each pound of such excess or combined excess weight if such excess exceeds three thousand pounds and is four thousand pounds or less.

In an amount equal to fifteen cents per pound for each pound of such excess or combined excess weight if such excess exceeds four thousand pounds and is five thousand pounds or less.

In an amount of twenty-five cents per pound for each pound of such excess or combined excess weight if such excess is more than five thousand pounds.

The fine schedule in this section is assessed at a single rate according to the cents per pound penalty for the highest weight violation. (emphasis added).

8. From 1967 to 1999, SDCL 32–22–56 stated:

In any case where the motor vehicle *is absolutely overweight* beyond the greatest permissible compensation plate weights for a vehicle of its class, the pounds by which the vehicle is so overweight may be assessed at double the penalties prescribed in § 32–22–55. (emphasis added).

9. As of July 1, 1999, SDCL 32–22–55 reads:

Any person who is convicted of the offense of operating a motor vehicle upon the public highways of this state *with weight upon any wheel, axle, or groups of axles or upon more than one thereof greater than the maximum permitted* by §§ 32–22–2 to 32–22–33 inclusive, 32–22–47 and 32–22–48 shall be fined in addition to, and not in substitution for, any other penalties now provided by law for such offense in the following amounts:

In an amount equal to five cents per pound for each pound of such excess or combined excess weight over one thousand pounds if such excess is three thousand pounds or less.

In an amount equal to fifteen cents per pound for each pound of such excess or combined excess weight if such excess exceeds three thousand pounds and is four thousand pounds or less.

In an amount equal to twenty-two and one-half cents per pound for each pound of such excess or combined excess weight if such excess exceeds four thousand pounds and is five thousand pounds or less.

In an amount equal to thirty-seven and one-half cents per pound for each pound of such excess or combined excess weight if such excess is more than five thousand pounds.

The fine schedule in this section is assessed at a single rate according to the cents per pound penalty for the highest weight violation

After July 1, 1999, SDCL 32–22–56 now states:

In any case where the motor vehicle is *absolutely overweight* beyond ten thousand pounds, the pounds by which the vehicle is so overweight shall be assessed at double the penalties prescribed in § 32–22–55.

object and underlying purpose of the Legislature. SDCL 2–14–12. *See also Estate of Wolff,* 349 N.W.2d 33, 35 (S.D.1984). The phrase "absolutely overweight" simply reinforces the legislative intent that the vehicle must be substantially overweight before the doubling of the penalty is instituted. For the doubling under SDCL 32–22–56 to apply, the violation must be in excess of 10,000 pounds over the applicable legal weight limit. This simply means that if the vehicle is carrying a weight beyond 10,000 pounds in excess of the legal limit of SDCL 32–22–16 on (1) a wheel, (2) axle, (3) group of axles, or (4) gross weight of the vehicle, the double penalty is applied to the schedule of SDCL 32–22–55. This law has now been in effect 48 years. If the Legislature felt the penalty doubling provision should be limited to gross weight of the entire vehicle, it would have simply amended the statutes to say so. It has not so done.

[¶ 21.] The case of *Alexander v. State,* 228 Ga. 179, 184 S.E.2d 450 (1971) is instructive. Therein the defendant argued that the penalty provision of the law for overweight vehicles referred only to the total weight of the vehicle and not the axle weight. The Court rejected this argument, declaring that its statutory construction was consistent with the clear intent of the Legislature to maintain and protect the highways of that state from unnecessary wear, not only due to the total weight of the vehicle, but also the results of the same excessive weights on individual axles. *Id.* at 452.

[¶ 22.] The State also calls our attention to Steven Karamihas & Thomas Gillespie, *Trucks and Pavement Wear,* University of Michigan Transportation Research Institute Research Review, 8–9 (May June, 1994). This study reports that:

The individual axle loads of a truck have a greater influence on fatigue of pavements than any other vehicle factor. . . . This is because fatigue is exponentially related to pavement response (stress and strain) and hence, axle load. . . . [S]preading the load over several axles and keeping individual axle loads low can significantly reduce pavement fatigue.

. . .

[G]ross vehicle weight is not directly linked with fatigue of pavements. Fatigue varies in accordance with the axle loads and number of axles on each vehicle combination, and is only related to vehicle weight if a higher gross weight causes an increase in individual axle loads.

It is difficult to accept a rationale that for the last 48 years, the Legislature has been willing to protect the untold millions of dollars spent on highway construction and repair in this state by authorizing double penalties for total overweight vehicles, but casting that aside and giving a "50% discount" to those perpetrators who would destroy or damage our roads by illegal amounts of weight per "wheel, axle or groups of axles."

[¶ 23.] For the above reasons I respectfully dissent.

[¶ 24.] MILLER, Chief Justice, joins this dissent.