Unified Judicial System

 

 
 


South Dakota Subsequent Injury Fund Appellant v.
Heritage Mutual Insurance Company Appellee [2002 SD 34]
South Dakota Supreme Court
Appeal from the Circuit Court of
The Sixth Judicial Circuit
Hughes County, South Dakota
Hon. Steven L. Zinter, Judge
Mark Barnett Attorney General
 Naomi Cromwell Assistant Attorney General
Pierre, South Dakota
Attorneys for appellant.
 
J.G. Shultz of
Woods, Fuller, Shultz & Smith, P.C.
Sioux Falls, South Dakota
Attorneys for appellee
 
Considered on Briefs October 1, 2001
Opinion Filed 3/6/2002
#21841 
LOVRIEN, Circuit Judge 
[1.] South Dakota Subsequent Injury Fund (SIF) appeals the circuit court's judgment affirming Department of Labor's (Department) determination that Heritage Mutual Insurance Company (Heritage), was entitled to full compensation from SIF for the subsequent injuries of William Belt and Edward McGee, based on the conclusion that the 1984 version of SDCL 62-4-34 governs the rights and duties of the parties based upon the date of injury.  We affirm. 
SUBSEQUENT INJURY FUND
[2.] A brief review of the history of SIF would be helpful before we turn to the facts of each claim.  SIF is a fund created under South Dakota workers' compensation laws to encourage employers to hire or retain disabled or handicapped workers.  Sioux Falls Sch. Dist. v. South Dakota Subsequent Injury Fund, 504 NW2d 107, 107 (SD 1993) (citing 2 Larson, Workers' Compensation Law, Â§ 59.30 (1992)).  When a previously injured employee sustains additional injury, an employer may receive reimbursement from SIF for excess compensation paid to the employee which would not have been necessary had the employee not had a pre-existing injury.  Id. (citing SDCL 62-4-34).  The fund is financed by assessments of workers' compensation insurance carriers and self-insurers.  Id. (citing SDCL 62-4-35).  "To be eligible for recovery from the fund, an employer must be able to establish by written record that it had knowledge of the preexisting disability at the time of hiring the injured employee."  Oesterreich v. Canton-Inwood Hosp., 511 NW2d 824, 827 (SD 1994).         
[3.] In 1978 the legislature adopted SDCL 62-4-34.1 as procedural guidelines and as the statute of limitations for the implementation of the fund.  The 1978 version provided:
Any claim against the subsequent injury fund must be filed with the department of labor within two years from the date of the subsequent injury.  The department shall conduct an investigation and make a determination on the claim within thirty days. 
 
In 1992 the legislature amended SDCL 62-4-34.1 to provide:
Any claim against the subsequent injury fund shall be filed with the division of insurance within ninety days from the date of the final decision by the department that a compensable injury exists resulting in additional permanent partial or permanent total disability, or approval by the department of settlement between the parties.  No claim may be filed prior to a decision or approval of settlement from the department.  The division shall conduct an investigation and make a decision on the claim within thirty days of the filing of a complete claim as set forth in Â§ 62-4-34.4 or within a time agreed upon between the claimant and the department. 
 
[4.] Before the 1992 amendment of SDCL 62-4-34.1, a claim had to be filed with the SIF within two years from the date of injury and had to be resolved within thirty days of submission.  This created a procedural quagmire because often a claim had to be submitted to SIF and decided before Department even acted on the underlying workers' compensation claim.  The purpose of the 1992 amendment to SDCL 62-4-34.1 was to avoid the filing of SIF claims until the workers' compensation system had resolved the essential issues. 
[5.] In 1995 the legislature significantly amended SDCL 62-4-34.  The 1984 version of 62-4-34[1]  allowed the employer to be reimbursed fully from SIF.  In 1995 the amended version of 62-4-34 changed the compensation amount to two-thirds. [2]  
[6.] Finally in 1999 the legislature eliminated the SIF and repealed the statutes authorizing the SIF.  Also repealed were SDCL 62-4-34 through 62-4-34.6 and 62-4-35 through 62-4-36.3.[3]   SL 1999 ch 262, Â§Â§ 2-11.  That same year the legislature enacted SDCL 62-4-34.7, providing rules for the disposition of the fund balance.  The basic facts of these consolidated cases are not disputed.
FACTS
Heritage Mutual Insurance Company/Belt
[7.] William Belt has been employed by Automated Maintenance since 1990.  Belt suffered a rotator cuff tear in June 1991 and underwent surgery to repair the injury.  He returned to work but in July 1992, developed carpal tunnel syndrome, undergoing surgery in January 1993.  The carpal tunnel injury resulted in a 5 percent permanent partial impairment to each upper extremity.  As a result, Belt received $1,808.20 in permanent partial disability benefits.  Heritage paid $32,499.04 in benefits to Belt based upon his carpal tunnel condition.
[8.] Heritage notified SIF of a claim based upon carpal tunnel surgeries on May 17, 1996.  Heritage made a claim for an amount based upon the 1984 version of SDCL 62-4-34.  SIF issued findings of fact and conclusions of law awarding reimbursement using the two-thirds calculation available based upon the 1995 version of SDCL 62-4-34.  Heritage filed a petition for hearing requesting payment of the shortfall plus prejudgment interest.  The parties filed competing motions for summary judgment.  Department granted Heritage's motion for summary judgment, awarding Heritage full reimbursement.  Department concluded that the law in effect when the injury occurred governed the rights of the parties. 
Heritage Mutual Insurance Company/McGee
[9.] Edward McGee suffered a back injury in 1983 while working for a construction company in Rapid City.  By 1987 McGee was diagnosed as having a 5 percent permanent partial impairment.  This injury resulted in surgery in 1993 and a 17 percent permanent partial impairment, as diagnosed in 1995.  As a result of these back injuries, McGee claimed to be unable to work and offered support for his claim of permanent total disability.  Heritage settled the case stemming from the 1993 injury and paid a total of $103,064.54 to McGee. 
[10.] In 1999 Heritage notified SIF of a claim based upon the 1993 back injury and surgery.  Heritage made a claim for an amount based upon the 1984 version of SDCL 62-4-34.  SIF issued findings of fact and conclusions of law awarding reimbursement using the two-thirds calculation available based upon the 1995 version of SDCL 62-4-34.  Based upon its analysis using the two-thirds figure, SIF reimbursed Heritage in the amount of $68,709,70; this is $23,001.91 less than the amount requested by Heritage. 
[11.] Heritage filed a petition for hearing requesting payment of the shortfall plus prejudgment interest.  Again, both parties filed motions for summary judgment.  Department awarded full reimbursement as requested by Heritage.  Department concluded in its decision that the law in effect when the injury occurred governed the rights of the parties. 
[12.] SIF appealed the Department's rulings in both cases to the circuit court.  The court consolidated the cases and affirmed the actions of Department.  SIF appeals the judgment of affirmance of the circuit court.  SIF raises one issue on appeal:  which version of SDCL 62-4-34 applies to the claims in question?
STANDARD OF REVIEW
[13.] The issue on review is a question of law.  When the issue is a question of law, the decisions of the administrative agency and the circuit court are fully reviewable.  In re Tieszen Mem'l Home, Inc., 343 NW2d 97, 98 (SD 1984).  "Questions of law are subject to de novo review; no deference is given to an agency's conclusion of law."  Enger v. FMC, 2000 SD 48, 7, 609 NW2d 132, 134 (citing Thomas v. Custer State Hosp., 511 NW2d 576, 579 (SD 1994)).
ANALYSIS AND DECISION
[14.] Is the applicable version of SDCL 62-4-34 for claims of reimbursement to the Subsequent Injury Fund determined by the law in effect on the date of injury or the law in effect on the date of notice of claim? 
[15.] This Court has consistently ruled that in workers' compensation cases, "the law in effect when the injury occurred governs the rights of the parties." Faircloth v. Raven Indus., Inc., 2000 SD 158, 5, 620 NW2d 198, 200; Shykes v. Rapid City Hilton Inn, 2000 SD 123, 25, 616 NW2d 493, 499; Loewen v. Hyman Freightways, Inc., 1997 SD 2, 9, 557 NW2d 764, 766; Westergren v. Baptist Hosp. of Winner, 1996 SD 69, 18, 549 NW2d 390, 395 (citing Helms v. Lynns, Inc., 1996 SD 8, 11, 542 NW2d 764, 766).  See also West v. John Morrell & Co., 460 NW2d 745, 747 (SD 1990); Lyons v. Lederle Lab., 440 NW2d 769, 770 (SD 1989); Wold v. Meilman Food Indus., Inc., 269 NW2d 112, 114 n1 (SD 1978).
[16.] SIF, however, argues that SIF is not part of the workers' compensation system and is not bound by that rule.  Rather, SIF argues that the law in effect when a claim comes into existence governs the rights of employers to compensation from SIF.  SIF argues that as the result of the 1992 amendment to SDCL 62-4-34.1, no claim against SIF can come into existence until a final decision is made by  Department on the underlying workers' compensation claim.[4]   Thus, SIF argues  Department and the circuit court erred by applying the 1984 version of SDCL 62-4-34 (date of injury) rather than the 1995 version (date of claim).
[17.] Is SIF part of the workers' compensation system?  We conclude that it is.  We have previously determined the origins of SIF and its legislative purpose.  "The South Dakota Subsequent Injury Fund (SIF) is a fund created under South Dakota workers' compensation law to encourage employers to hire or retain disabled or handicapped workers."  Sioux Falls Sch. Dist., 504 NW2d at 107.  "The fund is financed by assessments of workers' compensation insurance carriers and self-insurers."  Id. (citing SDCL 62-4-35). 
[18.] SIF argues that because the fund specifically compensates employers, not workers, it is not a workers' compensation scheme.  Workers' compensation laws are in place to benefit workers, but not always in monetary forms.  SIF was created to benefit workers, not to benefit employers.  Employers are given a monetary incentive under SIF, but the purpose of SIF is a benefit for workers. 
The Subsequent Injury fund was set up to assist workers with some type of preexisting disability, condition or handicap, to obtain employment notwithstanding the liability exposure of an employer who would hire such worker in the event of a second injury.   
 
South Dakota Subsequent Injury Fund v. Cas. Reciprocal Exch., 1999 SD 2, 14, 589 NW2d 206, 208 (citing 5 Larson, Workers' Compensation Law, Â§ 59.30 (1998)).   
[19.] SIF is clearly part of the workers' compensation system and bound by its general rules.  If the legislature had intended for SIF to fall outside the workers' compensation system, it could have made a specific exemption for SIF.  It did not.  "[W]e recognize that the Legislature knows how to exempt or include items in its statutes."  State v. Young, 2001 SD 76, 12, 630 NW2d 85, 89.  See also Therkildsen v. Fisher Beverage, 1996 SD 39, 10, 545 NW2d 834, 836 (excluding a person's right to collect workers' compensation benefits); Jasper v. Smith, 540 NW2d 399, 403 (SD 1995) (exempting property from attachment of a lien); Sander v. Geib, Elston, Frost Profâl Ass'n, 506 NW2d 107, 124 (SD 1993) (including an entity as a beneficiary).
[20.] What version of SDCL 62-4-34, then, should apply to the claims here:  the 1984 version in effect at the time of each subsequent injury or the 1995 version in effect when each claim was made to the SIF?  As noted earlier, the law in effect when the injury occurred governs the rights and obligations of both the employer and worker.  The amount of compensation a worker is entitled to receive for a subsequent injury is determined by the statutes in effect at the time of that injury.[5]   Similarly the amount of compensation an employer must pay, for both the normal and excess portion of a worker's subsequent injury, is determined by the statutes in effect at the time of that subsequent injury. [6]    On what basis, then, should reimbursement by SIF to an employer, for compensation the employer has paid to a worker for the excess portion of worker's subsequent injury, be determined other than by the statutes in effect when the subsequent injury occurred?  
[21.] The purpose of the SIF is to encourage an employer to hire a previously injured worker by allowing the employer to receive reimbursement from the SIF for excess compensation paid for that worker's subsequent injury.  We conclude that for the SIF to serve its intended statutory purpose, the right of the employer to be reimbursed by the SIF for excess compensation paid to the worker must necessarily (1) come into existence at the time of the worker's subsequent injury when the employer's potential liability for both the normal and excess portion of a worker's injury comes into existence; and (2) be determined by the statutes in effect at that time.  We do not read the 1992 amendment to SDCL 62-4-34.1 to alter this conclusion.  It does nothing more than specify the time frame within which the already existing claim must be filed by an employer.[7]  
[22.] Accordingly, we hold that the date of injury, not the date of notice of claim, determines which version of 62-4-34 is to be applied to determine the amount of reimbursement owed Heritage by SIF.  Department properly applied the 1984 version of 62-4-34 to each claim.  The judgment of the circuit court, upholding these rulings by Department is affirmed.
[23.] GILBERTSON, Chief Justice, and AMUNDSON, and KONENKAMP, Justices, and GORS, Acting Justice, concur.
[24.] LOVRIEN, Circuit Judge, for SABERS , Justice, disqualified. 

1.         SDCL 62-4-34  (1984): 
If an employee who has previously sustained an injury which resulted in disability from any cause or origin irrespective of compensability, receives a subsequent compensable injury resulting in additional permanent partial or permanent total disability so that the degree or percentage of disability caused by the combined injuries is substantially greater than that which resulted from the last injury, considered alone; and if the employee is entitled to receive compensation on the basis of the combined disabilities, the employer shall pay all medical and hospital expenses and compensation provided by this title.  The employer shall be reimbursed from the 'subsequent injury fund' for all compensation, medical and hospital expenses, paid in excess of the compensation paid for the degree or percentage of disability which would have resulted from the last injury had there been no preexisting disability.  If the subsequent compensable injury of the employee results in the death of the employee and it has been determined that the death would not have occurred except for the preexisting disability, the employer shall pay all compensation provided by this title.  The employer shall be reimbursed from the 'subsequent injury fund' for all compensation paid in excess of the compensation paid beyond the period of the first three hundred twelve weeks.  

2.         SDCL  62-4-34 (1995): 
If an employee who has previously sustained an injury, or suffers from a preexisting condition, receives a subsequent compensable injury resulting in additional permanent partial or permanent total disability so that the degree or percentage of disability caused by the combination of the subsequent injury and the preexisting injury or condition is substantially greater than that which resulted from the last injury, considered alone, and if the employee is entitled to receive compensation on the basis of the combined disabilities, the employer shall pay all medical and hospital expenses and compensation provided by this title.  The employer shall be reimbursed from the 'subsequent injury fund' for two-thirds of all compensation, medical and hospital expenses paid to or on behalf of the injured employee due to the subsequent injury.  If the subsequent compensable injury of the employee results in the death of the employee and it has been determined that the death would not have occurred except for the preexisting disability, the employer shall pay all compensation provided by this title.  

3.     In 1995, the legislature repealed SDCL 62-4-34.3.  SL 1995, ch 97, Â§1.

4.     A final decision would either be a determination that a compensable injury exists resulting in additional permanent partial or permanent total disability, or approval of settlement between the parties.  SDCL 62-4-34.1 (1992).  

5.    Included in the workers' compensation laws is a definition of "Temporary disability, total or partial."  SDCL 62-1-1(8).  The definition is: "the time beginning on the date of injury, subject to the limitations set forth in Â§ 62-4-2, and continuing until the employee attains complete recovery or until a specific loss becomes ascertainable, whichever comes first."  Implicit in the definition is the fact that a disability begins "on the date of injury."  Subsequent injuries are not exempted from this definition. 

6.     Excess compensation is compensation which would not have been necessary had the worker not had the pre-existing injury.  SDCL 62-4-34 (1984). 

7.     To conclude, as SIF would have us do, that an employer has no claim against the SIF until the Department of Labor makes a final decision would be to also conclude that a worker has no claim against the employer until Department makes a final decision.  This we are unwilling to do.